## BROWNLEE ET AL. v. CITY OF PRINCETON ET AL.

[No. 24,474. Filed June 23, 1926.]

1. AUTOMOBILES.—*City ordinance imposing license fee on motor vehicles used for commercial purposes not void because subject to revocation by the mayor.*—A city ordinance imposing a license fee on motor vehicles used for commercial purposes, including funeral cars, ambulances and hearses, *held* not void because of provision therein that every license issued thereunder should be subject to revocation by the mayor, as it would not be construed to confer upon the mayor authority arbitrarily to revoke such license, but that he might revoke the same for the causes and in the manner provided by law (Acts 1905 p. 236, §80, §10295, cl. 8, Burns 1926, §8682 Burns 1914). p. 151.

2. STATUTES.—*Construction of statute that will lead to absurd result should not be adopted if it can be avoided.*—A construction of a statute which would lead to an absurd result should not be adopted, if the statute will bear a construction by which that may be avoided. p. 153.

3. AUTOMOBILES.—*A city could not impose license fee on motor vehicles used for commercial purposes, except those used within the city limits for hire.*—Under the automobile law of 1913 (Acts 1913 p. 789, §17, §10476d Burns 1914), a city could not

impose a license fee on motor vehicles used for commercial purposes other than motor trucks and motor-driven commercial vehicles used within the city limits for hire, as the statute expressly provided that no such ordinance should "have any force, effect or validity," and that statute necessarily repealed so much of cl. 32 of §53 of the municipal corporation act of 1905 (§10284 Burns 1926, §8655 Burns 1914) as was in conflict therewith.  p. 155.

4.  AUTOMOBILES.—*Ordinance requiring a license for operation of motor-driven funeral cars, ambulances and hearses held invalid.*—After the enactment of the automobile law of 1913 (Acts 1913 p. 789, §17, §10476d Burns 1914), a city could not require a license for the operation of motor-driven funeral cars, ambulances and hearses, notwithstanding the provision in cl. 32 of §10284 Burns 1926, §8655 Burns 1914.  p. 155.

From Gibson Circuit Court; *Robert C. Baltzell,* Judge.

Suit by John W. Brownlee and others against the city of Princeton and others.  From a judgment for defendants, the plaintiffs appeal.  *Reversed.*

*McGary & Kays,* for appellants.
*D. W. Duncan,* for appellees.

EWBANK, J.—This was an action to enjoin the city of Princeton and its officers from enforcing certain provisions of a city ordinance alleged to be void.  The ordinance purported to impose a license fee of from $6 to $25 per calendar year on all "motor trucks, motor wagons and other motor driven vehicles used for commercial purposes" on or over the streets of the city, the amount of the fee depending upon the capacity of such vehicle, as well as upon "all funeral cars, ambulances, hearses," etc., after having first declared it to be, "unlawful * * * to use and operate for commercial purposes upon and over the public streets of the city of Princeton, Indiana, any motor truck or other motor driven vehicle * * * or other vehicle of the kind and character hereinafter designated without taking out and having a license therefor as required by this

ordinance." It provided that every owner of any vehicle of the kinds designated should obtain a license upon payment of the fee required, and, before using the vehicle, should, "attach thereto in a conspicuous place the license plate so furnished by the city clerk, and keep the same attached to such vehicle at all times during the period for which the same was issued." And it further provided that, "any person using or operating any vehicle of any kind described in this ordinance, who shall fail to take out such license, or who shall violate any of the provisions of the ordinance shall be fined in any sum not less than $5.00 and not more than $50.00." Section 8 provided that, "Every license issued under and by virtue of authority of this ordinance shall be subject to revocation by the mayor of said city." It will be observed that by its terms this ordinance applied equally to all motor trucks and motor driven vehicles used for commercial purposes upon and over the streets of the city, without reference to where they were owned or the manner in which they were operated on and over such streets, or whether they were so operated daily or only once in a year.

The complaint, in addition to setting out the ordinance and alleging that it was void, averred that the plaintiffs were citizens and resident taxpayers of the city of Princeton, Indiana, which was alleged to be a city of the fifth class; that the other defendants were the mayor, city marshal and city attorney of said city; that plaintiffs were engaged in the general undertaking business, and owned and operated motor driven funeral cars, ambulances and hearses which they drove upon, along and over the public streets of the city of Princeton for commercial purposes in the conduct of their business, but which they did not use for public hire; and that plaintiffs had obtained certificates of title and paid in full the registration fees to the secretary of

state for the current year on each of their vehicles which the general law of the State of Indiana required to be so paid. They further alleged that within the city of Princeton were a hundred or more other persons who owned and operated motor driven vehicles for commercial purposes upon the public streets of said city, but did not operate them for public hire, and also that more than a hundred other persons resided outside said city who did the same. That plaintiffs and all the other said owners of motor driven commercial vehicles operated on the streets of said city, but not operated thereon for public hire, had refused and would continue to refuse to pay license fees or to take out licenses under the ordinance for their respective vehicles. But that the defendants and each of them were threatening to and, unless restrained by an order of the court, would require plaintiffs and all the other said persons to take out and pay for licenses under the ordinance, or would prosecute any and all of them who might fail to do so. And that by reason of the alleged invalidity of the ordinance, such prosecution would result in large sums accruing for costs and expenses of prosecution for which the city would become liable and which it would be required to pay, to the great injury of plaintiffs and all the other taxpayers.

A demurrer to the complaint for the alleged reason that it did not state facts sufficient to constitute a cause of action was sustained by the circuit court, and sustaining that demurrer is assigned as error.

Appellant insists that the ordinance was void because of the provision that, "Every license issued under and by virtue of authority of this ordinance shall be subject to revocation by the mayor of said city."

But we think this meant nothing more than that the mayor might revoke such a license for the causes and in the manner provided by law. And the act con-

cerning municipal corporations expressly confers upon the mayor of any city or the president of the board of trustees of any town authority to revoke or suspend any license issued under the provisions of a city ordinance whenever the licensee shall have violated the terms or conditions of such license or of the law or ordinance under which the license was granted. §11092 Burns 1926, §8893 Burns 1914, §239, ch. 129, Acts 1905 p. 219, 386. And also provides that, "he shall, upon reasonable notice of not less than three days to the person complained of, hear any complaint against any person to whom a license has been issued, and may issue subpoenas and compel the attendance of witnesses to testify on such hearing, may administer oaths to such witnesses, and require them to testify. The rules of practice and procedure in force in trials in the city court of such city, so far as applicable, including the right to appear by counsel and to compel the attendance of witnesses for or against the persons complained of, shall apply to such proceedings before the mayor. Upon the hearing, if it shall be found that the person complained of has wilfully violated any of the terms or conditions of his license, or has wilfully done, authorized or permitted to be done any act in violation of the law or the ordinance of such city relating to the business or place of business licensed, the mayor shall revoke or suspend such license. * * *" §10295, cl. 8, Burns 1926, §8682 Burns 1914, §80, ch. 129, Acts 1905 p. 219, 226. When understood as authorizing the mayor to revoke any license issued thereunder for the causes and in the manner provided by these statutes, we do not think the section making a license issued under authority of this ordinance subject to revocation by the mayor is open to the objections urged by counsel.

The validity or invalidity of the ordinance in other particulars complained of depends upon the proper con-

struction of certain sections of the statutes then
2. in force which, so far as here involved, read as
follows: "The common council of every city
shall have power to enact ordinances for the following
purposes: * * * Thirty-second. To regulate, tax
and license coaches, hacks, drays, automobiles and all
other vehicles. * * *" §10284 Burns 1926, §8655
Burns 1914, §53, ch. 129, Acts 1905 p. 219 (252). "No
owner of a motor vehicle, except motor trucks and mo-
tor driven commercial vehicles who shall have obtained
a certificate from the secretary of state and paid reg-
istration fees as hereinbefore provided, shall be required
to pay any tax or license fee whatsoever or to obtain
any other license or permit to use or operate the same,
nor shall any owner be required to display upon his
motor vehicle or motor bicycle any other number than
that issued by the secretary of state, or excluded or
prohibited from or limited in the free use of his said
motor vehicle or motor bicycle, nor limited as to speed
upon any public highway or other public place at any
time when the same is or may hereafter be open to
the use of persons having or using other vehicles, nor
be required to comply with other provisions or condi-
tions as to the use of said motor vehicles or motor
bicycles except as in this act provided * * * Ex-
cept as in this act provided, no city or town or other
municipality shall have power to make any ordinance,
by-laws or resolution limiting or restricting the use or
speed of motor vehicles or motor bicycles and no ordi-
nance, by-law or resolution heretofore or hereafter
made by any city or town or other municipal corpora-
tion within the state, by whatever name known or des-
ignated, in respect to or limiting the use of motor
vehicles or motor bicycles shall have any force, effect
or validity, and they are hereby declared to be of no
validity or effect: Provided, that nothing in this act

contained shall be construed as affecting the power of municipal corporations to make and enforce ordinances, rules and regulations affecting motor trucks and motor driven commercial vehicles which are used within their limits for public hire, or from making and enforcing reasonable traffic and other regulations except as to rates of speed not inconsistent with the provisions of this act." §10476d Burns 1914, §17, ch. 300, Acts 1913 p. 779, 789. Appellees contend that the exception in the foregoing provision that, "No owner of a motor vehicle, except motor trucks and motor driven commercial vehicles who shall have obtained a certificate from the secretary of state and paid registration fees as herein provided, shall be required to pay any tax or license fee whatsoever or to obtain any other license or permit to use or operate the same," etc., left to the city full authority to tax and license all motor trucks and motor driven commercial vehicles, under the authority "to regulate, tax and license * * * automobiles and all other vehicles," conferred by §10284, *supra.* As it necessarily follows that if the city of Princeton could enforce such an ordinance against non-residents of the city, so may any other municipal corporation, of which there are several within Gibson county, and hundreds throughout the State of Indiana, the practical effect of such a construction would be that if measures of this kind were to be adopted by all or many of those cities and towns, a farmer whose way to market at Evansville, Terre Haute, Chicago or elsewhere lies through such a town or city, would be required to pay tribute to repair its streets, on the basis of using them for an entire year, even though he might pass over them but once. And farmers, gardeners and stockraisers living in the different counties might be compelled to purchase licenses in two, three or half a dozen cities and towns in order to drive along the state

highway to market in a city twenty-five or thirty miles away. Thus the demand for license fees might operate as a prohibition against carrying one's own produce in an automobile or truck along a state highway beyond the nearest town. What Princeton could do in this respect, any other Indiana municipal corporation could do, and such a construction would give every town the right to demand from the driver of a truck or automobile used for any business purpose an entrance fee as a condition of using the public highway leading through it, even though the truck or automobile be driven there only once in the course of a year. *Pegg v. City of Columbus* (1909), 80 Ohio St. 367, 383, 89 N. E. 14, 23 L. R. A. (N. S.) 453. A construction which would lead to an absurd result should not be adopted, if the statute will bear a construction by which that may be avoided. With this rule in mind, for the reasons stated below, we are constrained to adopt another and different construction.

As we have seen, the statute provided that, "except as in this act provided, no city or town or other municipality shall have power to make any ordinance, by-law or resolution limiting or restricting the use or speed of motor vehicles or motor bicycles," and declared that no ordinance, by-law or resolution which does so shall be valid. And the only restriction upon or exception to this provision by which all such ordinances were made invalid was the proviso that, "Ordinances, rules and regulations affecting motor trucks and motor driven commercial vehicles which are used within their limits for public hire," or which constitute mere traffic regulations, shall not be deemed within the provisions of the act. §10476d, *supra.* This was a clear expression of the legislative will that no ordinance limiting or restricting the use of motor vehicles without first obtaining a license and paying a

tax should be valid as applied to any such motor vehicles except "motor trucks and motor driven commercial vehicles which are used within their limits for public hire." Therefore, the ordinance in question was invalid as applied to the vehicles owned by plaintiffs and by the other persons on whose behalf they brought suit, and the demurrer to the complaint should have been overruled.

We have not considered and do not decide the question whether or not a funeral car or hearse used in any particular manner, for the use of which a charge is made, does or does not constitute a vehicle used "for public hire," within the meaning of the statute. It is expressly alleged in the complaint and admitted by the demurrer that plaintiffs' vehicles on which they refused to take out licenses were not used for public hire. And no question is before the court as to whether or not the real facts with regard to the use which they make of their hearse or other vehicles is different from what they have alleged.

The judgment is reversed, with directions to overrule the demurrer to the complaint.